FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 25  PM 4: 53

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOUGLAS HAWTHORNE, SR., ET AL          CIVIL ACTION

VERSUS          NO. 04-2007

UNITED STATES OF AMERICA, ET AL          SECTION "M" (3)

### REPORT AND RECOMMENDATION

The matter is before the undersigned pursuant to the referral of the district judge [Rec. Doc. No. 6]. On July 20, 2004 (over a year ago), *pro se* plaintiffs, Douglas Hawthorne, Sr. and Lorrine Adamore ("Adamore"), tendered their complaint in the captioned case for filing and filed applications to proceed *in forma pauperis*. On August 12, 2004, Adamore's application for pauper status was granted. [Rec. Doc. No. 6]. Many months passed and *pro se* plaintiffs failed to attempt service on any of the named defendants.

Plaintiffs' Complaint [Rec. Doc. No. 3] names the following defendants, the United States of America, President Bush, the Federal Bureau of Investigation, the Bureau of Alcohol, Tobacco and Firearms, the Drug Enforcement Agency, the United States Marshal, the City of New Orleans, Mayor Ray Nagin, the City of New Orleans Police Department, Eddie Compass

1

and the State of Louisiana, *inter alia*. Plaintiffs' allegations are that, under color of law, the defendants are liable under the theory of *respondeat superior* for malfeasance in their offices and an undefined conspiracy to violate the rights of the decedent. More specifically, plaintiffs claim that their son was denied counsel, a telephone call, transportation to Orleans Parish Prison and process as an arrestee. Plaintiffs further aver that their decedent was subjected to an illegal search, was unlawfully arrested, was not charged with a crime while in custody, was falsely imprisoned, publicly intimidated and enslaved. Plaintiffs claim irreparable damage to the decedent's reputation, character and life, which caused him to be ridiculed, labeled as a snitch and ultimately murdered on July 31, 2003.

Over a year has passed since the plaintiff s tendered their original complaint for filing and to date the record reveals that service has not been effected on any one of the defendants named in the plaintiffs' complaint. The undersigned Magistrate Judge conducted a call docket hearing in Chambers on June 22, 2005. *See* Minute Entry dated June 22, 2005 [Rec. Doc. No. 9]. On that date *pro se* plaintiff, Lorrine Adamore, was instructed to concentrate her efforts to serve the defendants against whom she may potentially have actionable claims. Plaintiff was advised at the time of the June 22, 2005 hearing to report to the *pro se* desk of the Clerk of Court's Office for assistance in procuring summons and copies of her complaint for the purpose of complying with the service requirements set forth in the federal rules. The Clerk of Court was directed to provide copies of the complaint to the indigent plaintiff free of charge. Liaison with the Clerk of Court's *pro se* staff clerks reveals that Adamore did in fact report for assistance immediately following the call docket hearing. Adamore was further directed to execute the summons and to bring same, together with copies of her complaint, to the United States Marshal's Office for

purposes of service.

A review of the record and liaison with the Clerk of Court's staff ( *pro se* clerk) indicate that, on Friday, July 22, 2005 at 5:00 P.M., Lorrine Adamore presented a Motion for Extension of Time and an Amended Complaint to the *pro se* clerk, but no proof of service.  On June 22, 2005, Plaintiff was in fact given copies of the complaint and summons to be executed and presented to the Marshal's office for service on June 22, 2005, but the plaintiff never executed same or presented the summonses and copies of the complaint to the United States Marshal's Office for service.  Suffice it to say, plaintiff has still not taken the first step toward service of the original complaint on any one of the defendants.

More than a year has now elapsed since plaintiff filed the original complaint and good cause is absent for plaintiffs' failure to serve any of the defendants within this extended period of time.  Considering the foregoing and the dictates of Fed. R. Civ. P. Rule 4(m), including that more than a year has passed and  no service has been effected, the undersigned Magistrate Judge makes the following recommendation, to wit:

**IT IS RECOMMENDED** that the plaintiffs' case be DISMISSED in its entirety for FAILURE TO PROSECUTE.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result form a failure to object. *Douglass v. United States Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this **25th** day of July, 2005.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE